1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY BASALDUA,<br><br>              Petitioner,<br><br>     v.<br><br>GEORGE JAIME, Warden,<br><br>              Respondent. | Case No. 5:20-cv-01156-SVW (KES)<br><br>ORDER TO SHOW CAUSE WHY<br>PETITION SHOULD NOT BE<br>DISMISSED FOR FAILURE TO<br>STATE A FEDERAL CLAIM |

**I.**

**BACKGROUND**

In June 2020, the Court received from Billy Basaldua ("Petitioner") a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  (Dkt. 1 ["Petition"].)  In 2017, Petitioner pled guilty and was convicted of conspiracy to commit a felony with a firearm.  (Id. at 2.)  He challenges his 10-year sentence, which included both a five-year gang enhancement and one-year prison prior enhancement under California law, as an "unauthorized sentence" based on "insufficient evidence."  (Id. at 5, 18.)

Petitioner does not seek to set aside his guilty plea.  (Id. at 13.)  Rather, he asks the Court to "apply its judicial discretion and remove the gang enhancement

1

from the plea agreement and resentence" him or to "strike the five-year sentence" enhancement.  (Id. at 14, 16.)  He appears to argue that the State should not have charged him with the gang enhancement, because there would have been insufficient evidence to support it if his case had gone to trial.  (Id. at 14-16.)  He contends that there was no evidence that he had the specific intent to commit a crime to "promote, further, or assist in any criminal conduct by gang members[,]" and at trial, the prosecution could not have relied on a gang expert to supply such evidence.  (Id. at 14-15.)  He contends that applying the gang enhancement to him violated various California statutes and case law.  (Id.)

He also asks the Court to "apply its discretion and strike the one-year prison prior" due to California Senate Bill ("SB") 1393.  (Id. at 18.)  "On September 30, 2018, the Governor signed Senate Bill 1393 which, effective January 1, 2019, … allow[s] a court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes."  People v. Garcia, 28 Cal. App. 5th 961, 971 (2018).  SB 1393 "could constitutionally be applied … to all cases not yet final when Senate Bill 1393 becomes effective on January 1, 2019."  Id. at 973.  It is unclear why Petitioner, who was sentenced in 2017 and did not appeal, contends that SB 1393 applies to him.

## II.

## LEGAL STANDARD

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  "Thus, Rule 4 explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated."  Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.

### DISCUSSION

Regarding Petitioner's claim that his sentence is "unauthorized," federal habeas review is limited to claims for relief based on federal law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Petitioner's claims alleging that his sentence must be modified under the California penal code, California case law, and/or SB 1393 appear to be based exclusively on state law – not federal law.

To the extent Petitioner claims that the prosecutor committed misconduct by charging him with the gang enhancement despite insufficient evidence, this claim also fails. "In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). "Accordingly, it is improper for a prosecutor to bring charges against a criminal defendant in the absence of probable cause." Hovey v. Ayers, 458 F.3d 892, 921 (9th Cir. 2006). California law defines probable cause as "some rational ground for assuming the possibility that the offense charged has been committed and the accused is guilty of it." Id. at 921-22 (quoting People v. Aday, 226 Cal. App. 2d 520, 526-27 (1964)). Petitioner fails to plead facts sufficient to show that the prosecutor lacked probable cause to charge him with the gang enhancement. The Petition is silent as to the facts of the charged conspiracy.

Even if Petitioner could allege more facts, any claim of prosecutorial misconduct would appear to be an impermissible challenge to pre-plea events. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has

solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").  While there is an exception to the <u>Tollett</u> bar for jurisdictional errors, the exception is limited to "only those claims in which, judged on the face of the indictment and record, the charge in question is one which the state may not constitutionally prosecute."  <u>United States v. Johnston</u>, 199 F.3d 1015, 1019-20 n.3 (9th Cir. 1999) (citing <u>United States v. Broce</u>, 488 U.S. 563, 574-76 (1989)).

For all these reasons, the Petition does not appear to state a claim for federal habeas relief.

**IV.**

**CONCLUSION**

IT IS HEREBY ORDERED that, **on or before July 10, 2020**, Petitioner is ordered to show cause why the Petition should not be dismissed for failure to state a federal claim for relief and/or failure to state a federal claim that is not barred by <u>Tollett</u>.  Alternatively, Petitioner may voluntarily dismiss this action to pursue further relief from the state courts concerning his claims of sentencing error under state law.

DATED: <u>June 10, 2020</u>

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE