UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY BASALDUA,<br><br>    Petitioner,<br><br>    v.<br><br>GEORGE JAIME, Warden,<br><br>    Respondent. | Case No. 5:20-cv-01156-SVW-KES<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY |

## I.
## BACKGROUND

In June 2020, the Court received from Billy Basaldua ("Petitioner") a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Petition"].) In 2017, Petitioner pled guilty and was convicted of conspiracy to commit a felony with a firearm. (Id. at 2.) He challenges his 10-year sentence, which included both a five-year gang enhancement and one-year prison prior enhancement under California law, as an "unauthorized sentence" based on "insufficient evidence." (Id. at 5, 18.)

Petitioner does not seek to set aside his guilty plea. (Id. at 13.) Rather, he asks the Court to "apply its judicial discretion and remove the gang enhancement from the plea agreement and resentence" him or to "strike the five-year sentence"

1

enhancement.  (Id. at 14, 16.)  He also asks the Court to "apply its discretion and strike the one-year prison prior" due to California Senate Bill ("SB") 1393, a state law effective January 1, 2019.  (Id. at 18.)

The Court issued an Order to Show Cause ("OSC") why the Petition should not be dismissed for failure to state a federal claim.  (Dkt. 4.)  Petitioner responded, identifying the federal claim alleged in the Petition, as follows:

> Petitioner contends that the District Attorney committed prosecutorial misconduct by adding a gang enhancement without any probable cause or substantial evidence to support the allegation.  This violated Petitioner's right to a fair trial, and due process of law, as guaranteed by the 5th and 14th Amendments to the U.S. Constitution.

(Dkt. 5 at 1.)

## II.
## LEGAL STANDARD

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Under this rule, "district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006).  "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Id. at 210.

## III.
## RULES GOVERNING THE TIMING OF § 2254 PETITIONS

**A.     AEDPA's One-Year Statute of Limitations.**

   **1.     Statutory Language.**

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides as follows:

2

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Thus, AEDPA "establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition." Jimenez v. Quarterman, 555 U.S. 113, 114 (2009). The statute of limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). For a California felony defendant who does not pursue a direct appeal, the judgment becomes final 60 days after entry. See Cal. Rules of Court 8.308(a).

Petitioner was convicted on October 13, 2017. (Dkt. 1 at 2.) Because he did not pursue a direct appeal, his judgment became final on December 12, 2017. Petitioner's one-year AEDPA limitations period therefore expired on December 12, 2018, absent some form of tolling or other equitable exception.

3

B. **Statutory Tolling.**

AEDPA provides for statutory tolling for the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment … is pending[.]" 28 U.S.C. § 2244(d)(2). Statutory tolling, however, "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003).

Petitioner states that he did not file any collateral challenges in state court until October 2019. (Dkt. 1 at 3.) Since this occurred after Petitioner's AEDPA limitations period expired in December 2018, Petitioner's state court filings cannot create statutory tolling.

C. **Equitable Tolling.**

AEDPA's one-year limitation period is subject to equitable tolling if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." Smith v. Davis, 953 F.3d 582, 598-99 (9th Cir. 2020) (en banc) (rejecting a "stop-clock approach" to equitable tolling). In other words, "it is not enough for a petitioner seeking an exercise of equitable tolling to attempt diligently to remedy his extraordinary circumstances; when free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights." Id. at 599.

"The diligence required for equitable tolling purposes is reasonable diligence … not maximum feasible diligence," Holland, 560 U.S. at 653 (citations and quotation marks omitted), and courts consider "the petitioner's overall level of care

4

and caution in light of his or her particular circumstances." Doe v. Busby, 661 F.3d 1001, 1013 (9th Cir. 2011); see also Smith, 953 F.3d at 600-01 (emphasizing that the doctrine "does not impose a rigid 'impossibility' standard on litigants, and especially not on 'pro se prisoner litigants—who have already faced an unusual obstacle beyond their control during the AEDPA limitation period'" but noting that it usually "requires the petitioner to work on his petition with some regularity—as permitted by his circumstances—until he files it in the district court") (citation omitted).

"[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002) (second alteration in original, citation omitted). Consequently, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). "To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'" Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (alteration in original, citation omitted).

Here, Petitioner does not identify any potential basis for equitable tolling.

**D.**     **Actual Innocence.**

Under Schlup v. Delo, 513 U.S. 298 (1995), "a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits." Lee v. Lampert, 653 F.3d 929, 932 (9th Cir. 2011). "In order to present otherwise time-barred claims to a federal habeas court under Schlup, a petitioner must produce sufficient proof of

his actual innocence to bring him within the narrow class of cases … implicating a fundamental miscarriage of justice." Id. at 937 (internal quotation marks and citations omitted). While a petitioner is not required to proffer evidence creating an "absolute certainty" about his innocence, the Schlup gateway is an "exacting standard" that permits review only in the "extraordinary case." Id. at 938.

Specifically, a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. (quoting Schlup, 513 U.S. at 327). The petitioner must support his allegations "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Id. (quoting Schlup, 513 U.S. at 324). "[U]njustifiable delay on a habeas petitioner's part," while not "an absolute barrier to relief," is "a factor in determining whether actual innocence has been reliably shown." McQuiggin v. Perkins, 569 U.S. 383, 387 (2013).

Here, Petitioner does not contend that he is innocent of the underlying crime. Rather, he contends that he should not have been charged with and sentenced under the gang enhancement. This does not constitute a claim of actual innocence.

## IV.
## CONCLUSION

Even assuming that Petitioner constructively filed the Petition on the date he signed it, i.e., May 24, 2020, that was long after the December 2018 expiration of his AEDPA filing deadline. The Petition therefore appears untimely.

IT IS HEREBY ORDERED that, **on or before August 3, 2020**, Petitioner is ordered to show cause why the Petition should not be dismissed as untimely.

DATED: July 6, 2020                     _____
                                         KAREN E. SCOTT
                                         UNITED STATES MAGISTRATE JUDGE

6