O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY BASALDUA,<br><br>    Petitioner,<br><br>    v.<br><br>GEORGE JAIME, Warden,<br><br>    Respondent. | Case No. 5:20-CV-01156 KES<br><br>MEMORANDUM OPINION AND ORDER |

## I.

## INTRODUCTION

On May 24, 2020, Billy Basaldua ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. 1.)[1] Petitioner was sentenced to ten years after

---

[1] May 24, 2020 is the date Petitioner signed the Petition. (Pet. at 8.) The Court assumes, for purposes of this Order, that Petitioner is entitled to the benefit of the prison mailbox rule, under which "a prisoner's pro se habeas petition is deemed filed when he hands it over to prison authorities for mailing to the relevant court." Campbell v. Henry, 614 F.3d 1056, 1058–59 (9th Cir. 2010) (citation omitted); see also Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (noting that, in the absence of other evidence, courts generally deem a habeas petition filed on the day

pleading guilty to conspiracy to commit a felony with a firearm. (Pet. at 2.)[2] He challenges his ten-year sentence, which included both a five-year gang enhancement and a one-year prison prior enhancement under California law, as an "unauthorized sentence" based on "insufficient evidence." (Id. at 5, 18.) Petitioner does not seek to set aside his guilty plea. (Id. at 13.) Rather, he asks the Court to "apply its judicial discretion and remove the gang enhancement from the plea agreement and resentence" him or to "strike the five-year sentence" enhancement. (Id. at 14, 16.) He also asks the Court to "apply its discretion and strike the one-year prison prior" due to California Senate Bill ("SB") 1393, a state law effective January 1, 2019. (Id. at 18.) SB 1393 amended California Penal Code §§ 667(a) and 1385(b) "to allow a court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes." People v. Garcia, 28 Cal. App. 5th 961, 971 (2018), review denied (Jan. 16, 2019).

On June 10, 2020, the Court issued an Order to Show Cause ("OSC") why the Petition should not be dismissed for failure to state a federal claim. (Dkt. 4.) Petitioner responded, identifying the federal claim alleged in the Petition as follows:

> Petitioner contends that the District Attorney committed prosecutorial misconduct by adding a gang enhancement without any probable cause or substantial evidence to support the allegation. This violated Petitioner's right to a fair trial, and due process of law, as guaranteed by the 5th and 14th Amendments to the U.S. Constitution.

(Dkt. 5 at 1.) On July 6, 2020, the Court issued a second OSC why the Petition should not be dismissed as untimely. (Dkt. 6.) On July 28, 2020, Petitioner filed a

---

it is signed). However, because the Petition is untimely, as discussed herein, Petitioner is not entitled to the benefits of the mailbox rule.

[2] Citations refer to the pagination imposed by the Court's e-filing system.

response to the OSC. (Dkt. 7.) To obtain the benefit of briefing, the Court discharged the OSC and ordered Respondent to respond. (Dkt. 8.)

On September 10, 2020, Respondent moved to dismiss the Petition as untimely and because it includes noncognizable claims. (Dkt. 10, 14.) Respondent also lodged documents ("LD") from Petitioner's state proceedings. (Dkt. 12). Petitioner did not file an opposition, which was due on September 30, 2020. (Dkt. 8 at ¶ 5.) The parties have consented pursuant to 28 U.S.C. § 636(c) to the jurisdiction of the undersigned United States Magistrate Judge. (Dkt. 2, 11, 13.)

For the reasons set forth below, the Court finds that Respondent's motion should be GRANTED, and the Petition should be dismissed as untimely.

## II.

## PROCEDURAL HISTORY

On August 11, 2017, in Riverside County Superior Court case no. BAF1601654, Petitioner pled guilty to conspiracy to commit assault with a firearm and admitted a gang enhancement, a strike prior, and a prison prior, in exchange for a ten-year sentence and dismissal of the remaining charges in the amended complaint. (LD 1–3.) On October 13, 2017, the superior court imposed the negotiated ten-year sentence, which was comprised of a four-year term for the conspiracy conviction, a five-year term for the gang enhancement, and a one-year term for the prison prior. (LD 4.) Petitioner did not appeal. (Pet. at 2.)

On February 3, 2019, Petitioner constructively filed a petition in the superior court to have his one-year prison prior enhancement stricken pursuant to SB 1393. (LD 5–6.) On the same day, Petitioner requested the superior court to strike his five-year gang enhancement claiming there was insufficient evidence to support it and that the enhancement violated California law. (LD 7.) On February 22, 2019, the superior court denied Petitioner's request to strike the gang enhancement. (LD 8.) On April 26, 2019, the superior court denied Petitioner's request to strike the prison prior. (LD 9.)

On October 2, 2019, Petitioner constructively filed a habeas petition in the California Court of Appeal (case no. E073832), raising the same two claims that he raised in the superior court, which was summarily denied on November 19, 2019. (LD 10, 11.) On December 21, 2019, Petitioner constructively filed a habeas petition in the California Supreme Court (case no. S259875), which was summarily denied on April 15, 2020. (LD 12, 13.)

## III.
## PETITIONER'S CLAIMS

Petitioner is raising two claims, which the Court construes as follows:

Ground One: Prosecutorial misconduct by adding a gang enhancement without probable cause and substantial evidence.

Ground Two: The prison prior enhancement should be stricken pursuant to SB 1392.

(Pet. at 5, 18; see Dkt. 5 at 1.)

## IV.
## DISCUSSION

**A.  Running of the One-Year Statute of Limitations.**

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides as follows:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> 
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

4

the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Thus, AEDPA "establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition." Jimenez v. Quarterman, 555 U.S. 113, 114 (2009). The statute of limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For a California felony defendant who does not pursue a direct appeal, the judgment becomes final 60 days after entry of judgment. Cal. R. Ct. 8.308(a); see Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006).

Petitioner was convicted on October 13, 2017. (LD 4.) Because he did not pursue a direct appeal, his judgment became final 60 days later, on December 12, 2017. Petitioner's one-year AEDPA limitations period therefore expired on **December 12, 2018**, absent some form of tolling or other equitable exception.

**B.     Statutory Tolling.**

AEDPA provides for statutory tolling, as follows: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The United States Supreme Court has interpreted this language to mean that AEDPA's

statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects a petitioner's final collateral challenge, so long as the petitioner has not unreasonably delayed during the gaps between sequential filings.  Carey v. Saffold, 536 U.S. 214, 219–21 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains  pending during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court).  However, statutory tolling "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Petitioner did not file any collateral challenges in state court until February 3, 2019.  (LD 5–6).  Because this occurred after Petitioner's AEDPA one-year limitations period expired on December 12, 2018, Petitioner's state court filings cannot create statutory tolling.

**C.     Equitable Tolling.**

AEDPA's one-year limitation period is subject to equitable tolling if the petitioner shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted).  The petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." Smith v. Davis, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc) (rejecting a "stop-clock approach" to equitable tolling).  In other words, "it is not enough for a petitioner seeking an exercise of equitable tolling to attempt diligently to remedy his extraordinary circumstances; when free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights." Id. at 599.

"The diligence required for equitable tolling purposes is reasonable diligence … not maximum feasible diligence," Holland, 560 U.S. at 653 (citations omitted), and courts consider "the petitioner's overall level of care and caution in light of his or her particular circumstances," Doe v. Busby, 661 F.3d 1001, 1013 (9th Cir. 2011); see also Smith, 953 F.3d at 600–01 (emphasizing that the doctrine "does not impose a rigid 'impossibility' standard on litigants, especially not on pro se prisoner litigants—who have already faced an unusual obstacle beyond their control during the AEDPA limitation period," but noting that it usually "requires the petitioner to work on his petition with some regularity—as permitted by his circumstances—until he files it in the district court") (citation omitted).

"[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted). Consequently, "equitable tolling is justified in few cases." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). "To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely oversight, miscalculation or negligence on the petitioner's part, all of which would preclude the application of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (citation omitted). The burden of demonstrating that AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (as amended); Miranda, 292 F.3d at 1065.

In response to the Court's second OSC, Petitioner asserted that he was transported to the state prison's reception center on December 1, 2017, that prisoners are confined in their quarters at the reception center "for a period of not

longer than 3 months," and that prisoners housed in the reception center are "prohibit[ed] access to the law library." (Dkt. 7 at 2.) However, ordinary prison limitations on law library access do not constitute an "extraordinary circumstance" warranting equitable tolling. Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) ("Ordinary prison limitations on [the petitioner's] access to the law library … [was] neither "extraordinary" nor made it "impossible" for him to file his petition in a timely manner."). And even if the temporary lack of access to the law library constituted an extraordinary circumstance and Petitioner was confined to quarters for the full three months from December 1, 2017, through February 28, 2018, he would still not be entitled to equitable tolling. Petitioner has failed to demonstrate that he used his time diligently after he was no longer confined to quarters to file timely his state collateral appeals. See Smith v. Davis, 953 F.3d 582, 601–02 (9th Cir. 2020) (after "extraordinary circumstances" are dispelled, a petitioner "must act with diligence in preparing his petition to warrant equitable tolling"), petition for cert. filed, No. 20-5366 (U.S. Aug. 19, 2020).

Finally, even if the AEDPA limitations period was equitably tolled from December 1, 2017, through February 28, 2018, the Petition would still be untimely. In this scenario, Petitioner would be entitled to statutory tolling during the period that his filings were pending in the superior court from February 3, 2019, through April 26, 2019. (LD 5–9.) These filings would extend the limitations period by 83 days, i.e., February 28, 2019 + 83 days = **May 22, 2019**. However, Petitioner would not be entitled to any further statutory tolling because Petitioner did not constructively file his habeas petition in the California Court of Appeal until October 2, 2019, more than five months after the superior court denied his petition. (LD 10.) As noted above, AEDPA's statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects a petitioner's final collateral challenge, so long as the petitioner has not *unreasonably delayed* during the gaps between sequential filings. Saffold, 536 U.S. at 219–21.

An unexplained gap of more than five months is not reasonable. See Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (concluding that a 91-day gap was unreasonable); Banjo, 614 F.3d at 970 (finding a nearly five month delay unreasonable); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam) (finding unjustified gaps of 115 days and 101 days unreasonable); see also Evans v. Chavis, 546 U.S. 189, 201 (2006) (suggesting that an unexplained six-month gap would be unreasonable); Robinson v. Lewis, 9 Cal. 5th 883, 901 (2020) ("adopt[ing] a time period of 120 days as the safe harbor for gap delay"). Further, while the gap of 32 days between the California Court of Appeal's denial on November 19, 2019, and Petitioner filing his petition in the California Supreme Court on December 21, 2019, is reasonable, Petitioner cannot re-initiate the limitations period once it expired on May 22, 2019. See Ferguson, 321 F.3d at 823 (holding that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Thus, even if the AEDPA limitations period was equitably tolled from December 1, 2017, through February 28, 2018, and statutorily tolled from February 3, 2019, through April 26, 2019, the limitations period expired on May 22, 2019, more than one year prior to Petitioner filing his May 26, 2020 Petition.

**D.     Actual Innocence.**

Under Schlup v. Delo, 513 U.S. 298 (1995), "a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits." Lee v. Lampert, 653 F.3d 929, 932 (9th Cir. 2011). "In order to present otherwise time-barred claims to a federal habeas court under Schlup, a petitioner must produce sufficient proof of his actual innocence to bring him 'within the narrow class of cases implicating a fundamental miscarriage of justice.'" Lee, 653 F.3d at 937 (quoting Schlup, 513 U.S. at 314–15). While a petitioner is not required to proffer evidence creating an

9

"absolute certainty" about his innocence, the Schlup gateway is an "exacting standard" that permits review only in the "extraordinary case." Id. at 938 (citing House v. Bell, 547 U.S. 518, 538 (2006) ("[I]t bears repeating that the Schlup standard is demanding and permits review only in the 'extraordinary' case.")).

Specifically, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup, 513 U.S. at 327. The petitioner must support his allegations "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Id. at 324. "[U]njustifiable delay on a habeas petitioner's part," while not "an absolute barrier to relief," is "a factor in determining whether actual innocence has been reliably shown." McQuiggin, 569 U.S. at 387.

Here, Petitioner does not contend that he is innocent of the underlying crime. Rather, he contends that he should not have been charged with and sentenced under the gang enhancement statute and that his one-year prison prior enhancement should be stricken pursuant to SB 1393. Neither constitutes a claim of actual innocence. Thus, the Petition is untimely and must be dismissed.

## V.
## CONCLUSION

For the reasons stated above, (1) Respondent's motion to dismiss is granted; and (2) IT IS ORDERED that Judgment be entered denying the petition and dismissing the action with prejudice.

DATED: October 14, 2020

_Karen E. Scott_
KAREN E. SCOTT
United States Magistrate Judge